NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

FRANSWA C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.C., *Appellees*.

No. 1 CA-JV 16-0249
FILED 12-22-2016

---

Appeal from the Superior Court in Maricopa County
No. JD20783, JS18073
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

---

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill[1] delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

---

**G E M M I L L**, Judge:

¶1            Franswa C. ("Father") appeals the juvenile court's order terminating his parental rights to his son, J.C.  For the following reasons, we affirm.

¶2            Father and Jessica W. ("Mother") are the biological parents of J-P.C. and J.C.[2]  Father's parental rights to J-P.C. were terminated in January 2015 on the basis of abandonment.  J.C. was born in June 2015.  J.C. and Mother tested positive for methamphetamine at the time of his birth and Father was homeless.  The Department of Child Safety ("DCS") took custody of J.C. and filed a petition of dependency.  DCS set reunification goals for Father and initiated services including substance abuse testing and treatment and parent aide services.  However, Father continued to abuse substances, marijuana in particular, and participated minimally in the services provided.  DCS filed a motion to terminate Father's parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533, and a severance hearing was scheduled.  At the time of the severance hearing, Father had not established housing or income, and his participation in services, including drug testing and treatment, had not improved.

¶3            After receiving testimony and exhibits, the court determined that Father was unable to discharge his parental responsibilities due to prolonged substance abuse and found there had been a prior termination of parental rights for the same cause.  Father timely appeals and we have

---

[1]      The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]      Mother's parental rights regarding J-P.C. were severed on October 27, 2014 and her rights regarding J.C. were severed on May 2, 2016.  Mother is not a party to this appeal.

jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1) and Arizona Rules of Procedure for the Juvenile Court 103(A).

## ANALYSIS

### I.     Chronic Substance Abuse

¶4            Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). To justify termination of the parent-child relationship, the juvenile court must find clear and convincing evidence supporting at least one of the statutory grounds under A.R.S. § 8-533(B). *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, ¶ 18 (App. 2007). Additionally, the court must find by a preponderance of the evidence that the termination is in the best interests of the child. *Mario G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 282, 285, ¶ 11 (App. 2011); A.R.S. § 8-533(B). As the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We will not disturb the court's order terminating parental rights unless its factual findings are clearly erroneous and no reasonable evidence exists to support them. *Minh T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 78–79, ¶ 9 (App. 2001). "[W]e will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004).

¶5            Under A.R.S. § 8-533(B)(3), the juvenile court may terminate parental rights to a child if "the parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period."[3]

---

[3]       Because we conclude that reasonable evidence supports termination for chronic substance abuse, this court need not address whether clear and convincing evidence supports severance pursuant to A.R.S. § 8-533(B) (10), prior termination for same cause. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (if sufficient evidence supports any of the statutory grounds on which the court ordered severance, it is unnecessary to address arguments relating to the other grounds).

¶6 At the severance hearing in May 2016, a DCS case manager testified that Father failed to fully participate in rehabilitation services offered by DCS, including drug testing and treatment, and housing assistance. In addition, she described Father's involvement with a parent aide as inconsistent and noted that Father never completed parenting classes. Concerning drug testing, the case manager explained that Father's last drug test was in August 2015 and it was positive for THC. After August 2015, Father failed to report for further drug testing. Father completed an intake with a substance abuse treatment provider in April 2016 but failed to participate in the recommended treatment. The case manager also expressed her opinion that Father would continue to abuse controlled substances for a prolonged, indeterminate period of time. Additionally, she testified he was unable to discharge parental duties, including basic care of J.C., because of his substance abuse, homelessness, and failure to engage in the rehabilitative services provided. She further asserted that Father's substance abuse was a concern because it impaired his ability to adequately supervise J.C., who was less than a year old and needed constant supervision. Finally, the case manager testified that the conditions that existed in J-P.C.'s situation, including substance abuse, continued as of the hearing date in this proceeding.

¶7 Based on the case manager's testimony and exhibits presented at the hearing, the court permissibly found, consistent with A.R.S. § 8-533(B)(3), that Father has a history of chronic and continuing substance abuse, replete with positive drug tests, and was unable to discharge his parental responsibilities as evidenced by his inability or refusal to participate in the services DCS offered him.

¶8 Father argues that marijuana use, like alcohol use, generally does not disqualify someone from successfully parenting, and asks us to hold that marijuana use alone is an insufficient ground for severance in this case. The key question here, however, is whether, based on the evidence presented to the juvenile court, Father's marijuana use prevents him from adequately parenting his son. The juvenile court found that while Father "deeply and truly loves his children," he "also loves marijuana" and "is incapable of giving up marijuana in favor of his son." In other words, the juvenile court found the facts to be adverse to Father's position by identifying a direct correlation between Father's love of marijuana and his inability to discharge parental responsibilities. We conclude the evidence of record is legally sufficient to support the court's order terminating parental rights.

4

## II. Reasonable Efforts

**¶9**         Father further claims the court erred by severing parental rights before DCS provided him a second psychological evaluation. Because Father failed to mention to the juvenile court his desire to complete an updated psychological evaluation, he has waived the right to argue the matter on appeal. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 16 (App. 2014) (holding that a parent's failure to question the adequacy of services in the juvenile court precludes such challenge on appeal).

**¶10**         Even if this issue were not considered waived, the record supports the court's finding of appropriate reunification services. The court considered the numerous services offered by DCS, beginning in 2013 after J-P.C. was born through the date of the hearing regarding J.C., and concluded that DCS had made reasonable efforts to preserve the family relationship. *See Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶ 34 (App. 1999) (noting that DCS is required to make reasonable efforts to preserve the family but is not required to provide every conceivable service or undertake measures that are futile). Regarding psychological examinations, the case manager testified that a referral for a psychological evaluation was submitted on February 14, 2016, but an evaluation had not been completed; however, Father completed a psychological evaluation in 2014 in conjunction with J-P.C.'s termination case and it was "not in favor of [Father] being able to parent his child." On this record, there is sufficient evidence to support the juvenile court's finding that DCS made reasonable efforts toward reunification and that further efforts would have been futile.

## CONCLUSION

**¶11**         The evidence in this record is sufficient to support the juvenile court's findings that Father was unable to discharge his parental responsibilities due to substance abuse, and that this condition is chronic and will continue for a prolonged indeterminate period. *See* A.R.S. § 8-533(B)(3). Although not challenged by Father, the record also supports the juvenile court's finding that termination of Father's parental rights is in J.C.'s best interests.

**¶12** For these reasons, we affirm the juvenile court's termination of Father's parental rights regarding J.C.



AMY M. WOOD • Clerk of the Court
FILED:  AA